IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **JOSEPH L. MORALES DIAZ**<br><br>*Plaintiff*<br><br>Vs.<br><br>**HON. JULIO ROLDAN CONCEPCION**, Mayor of the City of Aguadilla, in his personal and official capacity, **ABDIEL FANTAUZZI**, Director of the Municipal Department of Emergency Management for the Municipality of Aguadilla, in his personal and official capacity, **ANNETTE MONTALVO**, Director of Human Resources of the Municipal Government of Aguadilla, in her personal an official capacity, **WILFREDO DEL VALLE**, Director of Public Works of the Municipal Government of Aguadilla, in his personal and official capacity, the **MUNICIPAL GOVERNMENT OF AGUADILLA** and Defendants John Doe, Jane Doe, Richard Roe.<br><br>*Defendants* | Civil No. |

## COMPLAINT

**TO THE HONORABLE COURT**:

**COMES** now Plaintiff through the undersigned attorney, and respectfully alleges and prays:

### Jurisdiction of this Honorable Court

l.- This Honorable Court has subject matter jurisdiction over the instant matter pursuant to 28 U.S.C. §1331, 42 U.S.C. §1983 for violation of plaintiff rights under the First Amendment of the United States Constitution.  It is also a petition for a declaratory

1

and injunctive relief pursuant to Rule 65 of the Federal Rules of Civil Procedure.

2.- This Honorable Court also has jurisdiction over the state law claims under the Bill of Rights of the Constitution of the Commonwealth of Puerto Rico, Sections 1, 4, 6 and 7 of Article II, Act 90-2020 ( 29 LPRA sec 3111, et segs and Article 1536 Civil Code of Puerto Rico (31 L.P.R.A. § 10801).

## Type of Proceedings

3.- Plaintiff claim is twofold; first he prays for a mandatory injunction under Federal Rule of Civil Procedure Number 65, ordering the defendants to be enjoined from discriminating against him, because of his political beliefs.

4.- It is also a suit for compensatory damages arising from the political persecution to which plaintiff have been subjected to by defendants.

5.- The facts hereinafter alleged in this Complaint constitute violations of Plaintiff protected rights under the First and Fourteenth Amendments to the Constitution of the United States.

6.- The facts hereinafter alleged in this complaint constitute violations of plaintiff protected rights under Sections l, 4, 6 and 7 of Article II of the Constitution of the Commonwealth of Puerto Rico, Article 1536 of the Civil Code of Puerto Rico 31 L.P.R.A. 10801 and Act 90-2020, 29 L.P.R.A. § 3111, et seg.

## State Remedies Invoked Under 42 USC 1988 and Pendent Jurisdiction

7.- Whether liability be predicated under the Federal Civil Rights Act or under the Constitution and Laws of the Commonwealth of Puerto Rico, all the liability arises

from a common nucleus of operative facts.

8.- Plaintiff invokes the pendant jurisdiction of this Honorable Court with respect to all claims under the Constitution and Laws of the Commonwealth of Puerto Rico.

### Claims for Relief

9.- At all times herein mentioned, and in all matters complained of herein, the defendants, and each of them acted in full knowledge that they were violating the rights of Plaintiff as protected under the Constitution and the Laws of the United States.

10.-The law with respect to defendants conduct, and the conduct of each and every one of them, was clearly established as illegal and violate plaintiff rights under the Constitution and Laws of the Commonwealth of Puerto Rico.

11.- The action of the defendants was solely motivated by plaintiff political beliefs, there existing no other cause for the political persecution that plaintiff was subjected to.

12. - Plaintiff political beliefs were known to defendants at all times relevant to this compliant. Plaintiff political beliefs and his association with persons of similar beliefs are activities protected by the First Amendment to the Constitution of the United States of America.

13.- The acts of the defendants were done deliberately, knowing that it is was unlawful, with the bad faith knowledge that they were violating plaintiff federally protected rights.

14.- Plaintiff is entitled under the Laws of the Commonwealth of Puerto Rico to

be free from the obligation of mitigation of damages under such circumstances as are herein above set forth.

15.- Plaintiff is entitled to damages for violation of his Constitutional Rights plus damages for his actual losses, and for pain, suffering, anguish and humiliation. Plaintiff is also entitled to double damage pursuant to 29 L.P.R.A. § 3111.

16.- Defendants, and each of them, have been obstinate in fomenting this litigation.

17.-Plaintiff Joseph Morales Diaz is of legal age, resident of Aguadilla, Puerto Rico and an active member of the New Progressive Party. In the 2020 general elections plaintiff Morales Díaz worked in the Electoral Colleges representing the New Progressive Party.

18.- The Municipal Goverment of Aguadilla is a legal entity with capacity to sue and be sued and is represented in this complaint by its mayor Julio Roldán-Concepción.

19.- Defendant Julio Roldán Concepción is of legal age and it's the mayor of the city of Aguadilla. He is also the president of the Popular Democratic Party in the city of Aguadilla.

20.- An action by defendant, mayor Julio Roldán-Concepción, as the nominating authority of the Municipal Government of Aguadilla, constitutes the official policy of the Municipality and as such the Municipal Government of Aguadilla is liable to plaintiff.

21.- Defendant Annette Montalvo is of legal age, the Director of Human

Resources for Municipal Government of Aguadilla and an active member of the Popular Democratic Party.

22.- Defendant Wilfredo del Valle is of legal age, Director of Public Works, resident of Aguadilla, Puerto Rico and an active member of the Popular Democratic Party.

23.- Defendant Abdiel Fantauzzi is of legal age, Director of the Municipal Department of Emergency Management, resident of Aguadilla, Puerto Rico and an active member of the Popular Democratic Party.

24. - John Doe, Jane Doe and Richard Roe are fictitious names used to identify persons who on the course of discovery may be found to be liable to plaintiff.

25.- All defendants are citizens of the Commonwealth of Puerto Rico.

26.- The present action is directed to all named defendants, in their official capacity and in their personal capacity as individuals.

27.- Pursuant to the provisions of 42 USC, Section 1988 Plaintiff, should they prevail on any issues herein, are entitled to reasonable attorneys' fees in this action.

28.- Pursuant to the provisions of Title 32, Rules of Civil Procedures of the Commonwealth of Puerto Rico, App. II, Rules 44.1(d) and 44.3(b), plaintiff are also entitled to attorneys' fees for the defendant's obstinacy and pre-judgment interest from the date of the filing of this complaint.

### Specific Facts Relevant to this Claim

29.- On September 1, 2020, plaintiff was appointed as a career employee attached

to the Office of Municipal Emergency Management. During his tenure at the Office of Emergency Management, he took various courses given by the Federal Emergency Management Agency (FEMA) and he was certified as a rescuer.

30.- Plaintiff was working for the Municipal Government of Aguadilla during the daytime hours and at night he was studying at the Interamerican University, Aguadilla Campus.

31.- Plaintiff is an active member of the New Progressive Party and during his free time he participated in various activities in support of the candidates of the New Progressive Party during the 2020 elections, especially that of Mrs. Yanitsia Irizarry who was the Mayor of Aguadilla and was running for re-election.

32.- In the 2020 elections, the candidate of the Popular Democratic Party for Mayor of the City of Aguadilla was co-defendant Julio Roldán-Concepción.

33.- On the day of the elections, defendant Roldán-Concepción won by a slim margin and the results had to be adjudicated on a recount that was done in San Juan under the supervision of the State Election Commission. At the end defendant Roldán-Concepción prevailed by around 50 votes.

34.- Once defendant Roldán-Concepción was sworn in as the new Mayor of the City of Aguadilla, he appointed Abdiel Fantauzzi, as Director of the Municipal Department of Emergency Management for the Municipality of Aguadilla, Annette Montalvo, as Director of Human Resources of the Municipal Government of Aguadilla and Wilfredo del Valle, as Director of Public Works of the Municipal Government of

Aguadilla.

35.- On his first day of work as new Director of the Office of Emergency Management in Aguadilla, co-defendant Fantauzzi asked plaintiff if he was one of the persons that worked in the State Election Commission in the recount between mayor Roldán-Concepción and former mayor Yanitsia Irizarry, to which plaintiff answered in the affirmative. Co-defendant Fantauzzi worked on the same recount but on behalf of co-defendant Roldán- Concepcion. Immediately after, defendant Fantauzzi told plaintiff that he was no longer going to work in the emergency programs and that the work that he had for him was to sit in a chair at the entrance of the Luis A. "Canena" Márquez Coliseum and write down the names of the persons that enter the coliseum to request services at the Office of Municipal Emergency Management. This office was located in the lobby of the coliseum.

36.- Plaintiff spent about two weeks seating in a chair and taking the names of the persons that went to request services from the Office of Emergency Management.

37.- Previously no one has ever been assigned to perform this duty and after the two weeks that plaintiff spent writing down the names of the persons that went requesting services from the Municipal Office of Emergency Management, no one was appointed to continue that work. Nothing was done with the list of persons that plaintiff made during those two weeks.

38.- After said two weeks, plaintiff was assigned by defendant Fantauzzi to work in a brigade that was in charge of cleaning the sewerage.

39.- The next week plaintiff was assigned by defendant Fantauzzi to a brigade in charge of cutting trees.

40.- The week after that, plaintiff duties were once again changed, this time he was assigned to a brigade that was in charge of cleaning the streets. No written notice of this changes in plaintiff duties were ever given to him. When plaintiff asked defendant Fantauzzi why he was the only employee that in the last three weeks is being assigned to three different brigades, Fantauzzi in a mocking way, told plaintiff that those were the instructions of Yanitsia Irizarry, referring to the former mayor under the New Progressive Party,

41.- Since plaintiff was working on a regular shift from 7:00 A.M. to 3:00 P.M. he was able to continue his studies at the Interamerican University, Aguadilla Campus at night.

42.- Plaintiff was informed by defendant Fantauzzi that he had decided that instead of regular working shift he was going to implement rotating shifts which means that plaintiff will have to work several days during the night which conflicted with his studies.

43.- Once again, plaintiff complaint to co-defendant Fantauzzi because not only his duties were changed every week but now it will prevent him from properly continue his studies. Defendant Fantauzzi told plaintiff that he had to realize that this was a new administration and that there were no privileges for any member of the New Progressive Party. Plaintiff told defendant that studying at night was something that

the Municipal Government should promote because this was a way for him to surpass and achieve his goal of becoming a lawyer. Defendant Fantauzzi told him that if he didn't like it he could take his claim to the Human Resources Office, or better than that he could resign.

44.- Plaintiff requested a meeting with the Director of Human Resources, co-defendant Annette Montalvo, this meeting took place in the office of the Mayor. In this meeting were present the vice mayor, Maviael Morales, the director of Human Resources, co-defendant Annette Montalvo and the director of the Office of Emergency Management, co-defendant Abdiel Fantauzzi. The mayor, Julio Roldán-Concepción was not present.

45.- At the meeting, defendant Fantauzzi told co-defendant Montalvo that plaintiff did not like to follow his guidelines, was a disrespectful employee and that he was sustaining his position, not only of changing plaintiff responsibilities weekly but also that he had to work night shifts, irrespective if that affected his studies.

46.- Plaintiff told the Director of Human Resources, co-defendant Montalvo, that he has never been a disrespectful employee, that he has always followed all guidelines and instructions that were given to him, and that he wanted to continue his studies in order to achieve his goal of becoming a lawyer and that there were no reason why he was the only employee whose responsibilities were changed weekly. To plaintiff surprise, co-defendant Annette Montalvo in a disgusting and hostile way told plaintiff that it was clear to her that plaintiff didn't want to realize that the New Progressive

Party lost the election in Aguadilla and that if he wanted to continue being an employee of the Municipal Government he had to follow the instructions that were given to him and there were no reasons of why they had to facilitate that he could study at night. That if he didn't like it, he always had the alternative to resign.

47.- Plaintiff told co-defendant Montalvo that it was clear to him that she didn't believe in supporting those employees that wanted to achieve their goals through studies and that there were no reason to mention that the New Progressive Party had lost the elections, first because he didn't bring that subject to her and second because that was a fact that he knew and accepted.

48.- Defendant Montalvo told plaintiff that her decision was final and that he had to comply with defendant Fantauzzi instructions. The city administrator Maviael Morales abandoned the meeting and returned in less than 2 or 3 minutes. To plaintiff surprise he said that the best thing to do was to assign plaintiff to the department of Tourism and Culture so that he could continue his work and studies. Vice mayor, Maviael Morales told plaintiff that he would receive a prompt notification of his transfer to said department.

49.- After two or three weeks had passed, plaintiff received a letter in which he was transferred not to the Tourism and Culture Department but to the Public Works Department. He asked the Director of Human Resources why he was being transferred to the Public Works Department and not to the Tourism and Culture Department. Her answer was that those were the instructions of mayor Roldán-Concepción.

50.- Plaintiff reported to the Director of Public Works, Wilfredo del Valle, co-defendant Del Valle initiated a hostile work environment motivated by plaintiff political beliefs. Defendant Del Valle told plaintiff that working at the Public Works Department was almost as working at the State Election Commission referring to when plaintiff worked in the vote recount for the position of Mayor of Aguadilla. Co-defendant Del Valle also worked in said recount at the State Election Commission representing the interest of the then candidate for Mayor for the Popular Democratic Party in Aguadilla, Julio Roldán Concepción.

51.- Co-defendant Wilfredo Del Valle assigned plaintiff to an asphalt brigade. The next week he was assigned to a brigade in charge of collecting debris and rubbles. The next week he was assigned to a different brigade in charge of collecting garbage. Next, he was assigned to a brigade in charge of cleaning the City Square. The next week he was assigned to a brigade in charge of cleaning the baseball parks. The next week, he was assigned to a brigade that was in charge of painting the yellow lines that divided the streets. Next, he was assigned to a brigade that was in charge of collecting recyclable material, he was also assign to a brigade in charge of cutting branches in the different wards of Aguadilla and he was back assigned to the asphalt brigade and so on. Plaintiff was the only municipal employee who was weekly assigned to a different brigade and there were times in which on the same week he was assigned to two different brigades.

52.-Once again, plaintiff complaint to the director of Public Works, co-defendant Del Valle, why he was the only employee that was being transferred weekly to

different brigades as had previously occurred when he was working at the Municipal Office of Emergency Management under co-defendant Abdiel Fantauzzi, co-defendant Del Valle answer was that, it was his decision and not to lose his time complaining to the Director of Human Resources because he had her full support (co-defendant Annette Maldonado) and the support of the Mayor. He went as far as telling plaintiff that he will have a better opportunity in his complaint if he takes it to his boss, Yanitsia Irizarry. This working condition became intolerable. Plaintiff was the only municipal employee whose duties were changed at least weekly and defendant Del Valle did not hide from making plaintiff aware that the only reason for this harassment and humiliation was plaintiff political affiliation.

53.- On May 2021, plaintiff requested a license without pay so that he could continue with his studies and not be subjected to the working environment of harassment because of his political beliefs. This petition was denied.

54.- On July 2021, plaintiff requested, for a second time, a license without pay for the same reason stated in his first request and it was also denied.

55. - This political harassment, working environment and the denial of his requests of license without pay became so intolerable that provoked that on August 24, 2021, plaintiff resigned to the career position that he held in the Municipal Government of Aguadilla rather than continue to submit to looming indignities.

56. - In his letter, plaintiff stated that the reason for his resignation was the way he had been treated for the sole reason of his political affiliation which affected him

emotionally.

57. - On a letter dated September 8, 2021, co-defendant and mayor of Aguadilla, Julio Roldán Concepción, accepted his resignation effective on September 7, 2021, date in which he alleged that he received the resignation letter. The mayor stated that he did not accept the reasons given by plaintiff for his resignation.

58. - Plaintiff resignation constitutes a constructive discharge since his resignation was a result of the humiliation and harassment that he had been subject to for reason of his political believes.

59. - At the time of his resignation, plaintiff salary was $1,341.00

60. - Defendants actions against plaintiff solely because his political beliefs constitutes a workplace harassment. Defendant's actions were malicious, unwanted, repetitive, arbitrary, unreasonable and abusive; creating an intimidating, humiliating and hostile work environment not suitable for plaintiff or any reasonable person to perform his duties in a normal matter.

## Absence of Good Faith

61. - The **Branti v. Finkel**, (445 U.S. 507), doctrine was well rooted.

62. - Defendants in this case, nevertheless, under color of state law, decided to defy the Courts, knowing as they know, that by harassing plaintiff and wielding the Municipal Government power against plaintiff solely for his political affiliation to the New Progressive Party, constitutes a violation of plaintiff constitutionally protected rights.

**First Cause of Action**

63.- Now appears plaintiff in this case and repeat, reiterate and reallege each and every allegation contained in paragraphs l to 62, with the same force and effect as if set forth at length herein.

64.- Pursuant to Federal Rules of Civil Procedure Number 65, plaintiff request that an order be issued against defendants in their official capacity, ordering them that they be enjoined from discriminating against him in violation of the cited Federal and State Constitutions and Laws.

**Second Cause of Action**

65.- Now appears plaintiff, in this case and repeat, reiterate and reallege each and every allegation contained in paragraphs l to 62, with the same force and effect as if set forth at length herein.

66.-Defendants by harassing plaintiff for the sole reason of being affiliated and active members of the New Progressive Party constitute a violation of plaintiff Constitutional Rights. It is a well-established legal doctrine that a violation of a Constitutional Right even for a minimum period of time constitutes an irreparable injury.

67. - The damages caused to plaintiff by defendant's illegal violation of his Federally Protected Rights, are reasonably estimated in the amount of $1,000,000.00.

### Third Cause of Action

68.- Now appears plaintiff in this case and repeat, reiterate and reallege each and every allegation contained in paragraphs l to 62, with the same force and effect as if set forth at length herein.

69.- As a result of defendants' actions, plaintiff has suffered great mental anguish, grief, much anxiety, humiliation, pain and distress.

70.-The damages suffered by plaintiff are evaluated in an amount not less than $1,000,000.00. These damages were caused, and will continue to be caused, exclusively by the unconstitutional, illegal, negligent and tortuous acts and omissions of the defendants, rendering them jointly and severally responsible to plaintiff for any award warranted for his damages.

### Fourth Cause of Action

71.- Now appears plaintiff in this case and repeat, reiterate and reallege each and every allegation contained in paragraphs l to 62, with the same force and effect as if set forth at length herein.

72. - Defendants acts show they did not act in good faith and punitive damages should be imposed on defendants jointly and severally which are reasonably estimated in $1,000,000.00.

### Fifth Cause of Action

73.- Now appears plaintiff in this case and repeat, reiterate and reallege each and every allegation contained in paragraphs l to 62, with the same force and effect

as if set forth at length herein.

74.- Plaintiff is entitled to be reinstated to the career position as a Municipal Government of Aguadilla employee, that he was forced to resign. He is also entitled to back pay since the day of his resignation until the day that he be reinstated at the rate of $1,341.00 monthly.

### Sixth Cause of Action

75.- Now appears plaintiff in this case and repeat, reiterate and reallege each and every allegation contained in paragraphs l to 62, with the same force and effect as if set forth at length herein.

76.- Plaintiff was the subject of workplace harassment by defendants, for this, defendants are responsible for an amount equal to the double of the amount for damages that were caused to plaintiff.

### Trial By Jury

77.- A Trial by Jury is requested in all causes of actions.

**WHEREFORE,** plaintiff respectfully prays this Honorable Court to:

a. Assume Jurisdiction of this action;

b. Enter an Order granting a Preliminary and Permanent Injunction prohibiting, restraining and enjoining, the defendants, agents, or anyone acting in concert with them or pursuant to their orders; or, their successors in any representative capacity from violating any Constitutional Rights of plaintiff;

c. Enter an Order granting a Preliminary and Permanent Injunction ordering

defendants, and each of them, or their agents and successors to refrain from using the power trusted on them as Mayor, Director of the Municipal Department of Emergency Management, Director of Human Resources and Director of Public Works of the Municipal Government of Aguadilla for political purpose against plaintiff.

d. Grant plaintiff back pay damages and punitive damages against the defendants, and each of them, jointly and severely;

e. Accept its pendent and ancillary jurisdiction over the parties and grant plaintiff all his rights under the Constitution and Laws of the Commonwealth of Puerto Rico;

f. Enter an Order granting plaintiff reasonable attorney's fees, costs and pre-judgment interests;

g. Grant such other and further relief that to this Honorable Court may deem just and proper.

**RESPECTFULLY SUBMITTED.**

In Aguadilla, Puerto Rico this 5th day of July of 2022.

>ROLDAN GONZALEZ & ASOCIADOS
>35 Progreso
>Aguadilla, P. R. 00603
>Tel. (787) 891-1359
>irg@roldanlawpr.com
>
>*S/ Israel Roldan-Gonzalez*
>**ISRAEL ROLDAN GONZALEZ**
>**USDC-PR NO. 115602**